IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRAXYS NORTH AMERICA LLC : CIVIL ACTION
:
v. :
:
EVRAZ CLAYMONT STEEL, INC., :
et al. : NO. 09-684

MEMORANDUM

Bartle, C.J. May 10, 2011

      Plaintiff Traxys North America LLC ("Traxys") brings this diversity action for damages for breach of contract against defendants Evraz Claymont Steel, Inc. and Evraz Inc., NA. Before the court is the motion of defendants to limit the scope of trial to the issue of whether a contract existed between the parties.

      Traxys initially filed its complaint on September 16, 2009. Fact discovery was completed on December 3, 2010. Shortly thereafter, defendants moved for summary judgment. In support of their motion for summary judgment, defendants argued that no written contract existed and that any evidence of an oral agreement was barred by the statute of frauds. We denied the motion. In doing so, we found that Traxys raised a genuine issue of material fact with regard to whether defendants are merchants who entered into a contract through an oral agreement followed by a confirmatory memorandum, as provided for under the Delaware Uniform Commercial Code. See Traxys v. Evraz Claymont Steel, et al., No. 09-684, 2011 WL 1322780, at *3-4 (E.D. Pa. Apr. 4, 2011) (citing Del. Code Ann. tit. 6, § 2-201(2)).

In support of the pending motion, defendants assert that the confirmatory letter on which Traxys relies states that "[a]ll disputes relating to this transaction shall be submitted to arbitration in New York City under the American Arbitration Association." Accordingly, defendants maintain that if a jury determines that a contract in fact existed, this court must compel arbitration to determine the issue of breach and damages.

Traxys counters that defendants have waived any right to seek arbitration by engaging in extensive litigation in this court. In Nino v. Jewelry Exchange, Inc., our Court of Appeals identified a six-factor test to determine whether waiver has occurred:

> "[1] the timeliness or lack thereof of a motion to arbitrate ... [;2] the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the court's pretrial orders; and [6] the extent to which both parties have engaged in discovery."

609 F.3d 191, 208-09 (3d Cir. 2010) (quoting Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 926-27 (3d Cir. 1992)).

All six of the Nino factors weigh in favor of a finding that defendants waived the right to seek arbitration. First, defendants raised the issue of arbitration more than nineteen months after Traxys filed its complaint and less than two weeks before trial. Our Court of Appeals has recognized that while a

time lapse of one to two months in seeking arbitration is reasonable, lapses greater than eleven months weigh in favor of finding waiver. Id. at 210. Secondly, defendants have vigorously contested the merits of Traxys' claim by denying the very existence of the confirmatory letter on which they now rely and by filing a motion for summary judgment.

Third, defendants did not inform Traxys of its intent to seek arbitration until the morning that it filed the instant motion to limit the scope of trial. Defendants did not include the purported arbitration provision as an affirmative defense in their answer to the complaint and never referenced it in any other filing with this court. Indeed, defendants previously filed a complaint in the Chancery Court of Delaware to enjoin an action instituted by Traxys before the American Arbitration Association. See Evraz Claymont Steel, Inc. v. Traxys N. Am. LLC, No. 4830 (Del. Ch. Aug. 24, 2009).

As to the fourth Nino factor, defendants engaged in significant motion practice. Id. at 212. Defendants filed several motions to appear pro hac vice, a proposed stipulation regarding confidential material (Docket No. 34), and a motion for an extension of time to complete discovery (Docket No. 54). After this court denied their motion for summary judgment, defendants also filed a motion for leave to submit expert reports (Docket No. 83). Defendants even engaged in an unsuccessful settlement conference in front of Magistrate Judge Elizabeth Hey. Because defendants assented to the orders of this court without

objection, including five scheduling orders and our order denying their motion for summary judgment, the fifth <u>Nino</u> factor also supports a finding of waiver.

Finally, the parties completed discovery in January 2011. During the discovery period, the parties propounded interrogatories, produced documents, and noticed sixteen depositions. In addition, the parties sought three separate extensions of time to complete discovery. This extensive discovery, which lasted longer than a year, governs in favor of a finding that any claim to arbitration was waived. <u>See</u> <u>Nino</u>, 609 F.3d at 213.

As our Court of Appeals has recognized, "prejudice is the touchstone for determining whether the right to arbitrate has been waived" by litigation conduct. <u>Hoxworth</u>, 980 F.2d at 925. Both parties have already invested significant time and resources in the litigation of this action. <u>See</u> <u>Nino</u>, 609 F.3d at 209. Arbitration is intended to "streamline the proceedings, lower costs, and conserve private and judicial resources." <u>Id.</u>

Raising the issue of arbitration less than two weeks before trial is inconsistent with these goals. The defendants have waived the right to seek arbitration, and the trial will proceed on all issues alleged in the complaint without regard to any arbitration agreement of the parties.

Accordingly, the motion of defendants to limit the scope of trial will be denied.