IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| TRAXYS NORTH AMERICA LLC | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| EVRAZ CLAYMONT STEEL, INC., et al. | : | NO. 09-684 |

MEMORANDUM

Bartle, C.J.                                                          May 16, 2011

        Plaintiff Traxys North America LLC ("Traxys") brings this diversity action for damages for breach of contract against defendants Evraz Claymont Steel, Inc. and Evraz Inc., NA. Before the court is the May 12, 2011 motion of defendants, pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, to stay the proceedings pending appeal of our interlocutory order denying their motion to limit the scope of trial.

        The trial before a jury has been scheduled since April 12, 2011 to begin on Thursday, May 19, 2011. On May 5, 2011, two weeks before trial, the defendants filed a motion to limit the scope of trial to the issue of whether a contract existed between the parties. The motion also referenced arbitration if a contract is found to exist. On May 10, 2011, we denied the motion and explained that we will allow the jury to determine if a contract exists and, if so, what damages if any to award. To the extent that defendants were seeking to have

arbitrated all questions other than the existence of a contract, we found that the defendants had waived any right to arbitration. See Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 208-09 (3d Cir. 2010); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 926-27 (3d Cir. 1992). On May 12, 2011, defendants filed a Notice of Appeal of our May 10 Order and as noted above also filed the motion pending before the court for a stay pending appeal under Rule 8(a) of the Federal Rules of Appellate Procedure.

After the Notice of Appeal was filed, the Court of Appeals entered the following order:

> Appellant seeks review of the District Court's order entered May 10, 2011. The order on appeal is not final within the meaning of 9 U.S.C. § 16 and is not otherwise immediately appealable. It is noted that Appellant asserts that the motion to limit the scope of trial is, in effect, a motion to compel arbitration. As all gateway issues of arbitrability must be resolved by the court, see AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643 (1986), is it premature to characterize the motion to limit the scope of trial as a motion to compel arbitrability? All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order.

Traxys N. Am. LLC v. Evraz Claymont Steel, Inc., No. 11-2287 (3d Cir. May 13, 2011).

We acknowledge that any order which constitutes a denial of a motion to compel arbitration is amenable to

interlocutory appeal under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16. See, e.g., Ballay v. Legg Mason Wood Walker, Inc., 878 F.2d 729, 732 (3d Cir. 1989). However, the Court of Appeals has stated our May 10 Order is not a denial of arbitration immediately appealable under the FAA although it has directed further briefing from the parties.

In the meantime, we still have before us the motion of defendants to stay pending appeal a trial set to begin in three days. Under Rule 8 of the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court for ... a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). When the order being appealed involves the denial of a motion to compel arbitration, a district court must order a stay unless the appeal is frivolous or forfeited. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007).

As set forth in detail in our Memorandum accompanying our May 10, 2011 Order, defendants clearly waived any arbitration defense under directly applicable precedents of the United States Court of Appeals for the Third Circuit. See Traxys N. Am. LLC v. Evraz Claymont Steel, Inc., et al., No. 09-684, 2011 WL 1775965, at *1-2 (D. Del. May 10, 2011) (citing Nino, 609 F.3d at 208-09; Hoxworth, 980 F.2d at 926-27). The parties have engaged in this highly contested lawsuit for over nineteen months before

-3-

defendants first mentioned the issue of arbitration and then only on the eve of trial.  Significantly, they did not give earlier notice pursuant to Rule 8(c) of the Federal Rules of Civil Procedure which requires defendants to state arbitration as an affirmative defense in their answer.  Even if arbitration were inconsistent with other defenses, Rule 8(d)(3) provides that "a party may state as many claims or defenses as it has regardless of consistency."

Sandvick AB v. Advent International Corporation, 220 F.3d 99 (3d Cir. 2000), on which defendants rely, is inapposite.  There, waiver was not an issue.  The motion to compel arbitration was filed promptly after the case was removed to federal court.  Id. at 102 & n.2.

Even if our May 10, 2011 Order were immediately appealable under the FAA, the request of defendants for a stay, in our view, is frivolous and is simply designed to delay plaintiff's day in court.  Accordingly, we will deny the motion of defendants for a stay under Rule 8(a) of the Federal Rules of Appellate Procedure.  The trial will begin as scheduled on Thursday, May 19, 2011 unless, of course, the Court of Appeals directs otherwise.